Dear Mr. Bruser:
You have requested an Attorney General's opinion on behalf of the Red River Waterway District relative to the dual officeholding laws of this state. You state in your request that a Commissioner serving on the Red River Waterway Commission ("Commission") recently accepted employment with the City of Shreveport as Director of Community Development. You also state that the Commission and the City of Shreveport are parties to various existing and proposed intergovernmental agreements.
The issue is whether this individual may continue to serve simultaneously as both a commissioner with the Commission and as Director of Community Development with the City of Shreveport.
The position of commissioner is part-time appointive position. See LSA-R.S. 42:62(2) and 42:62(5). The position of Director of Community Development for the City of Shreveport is described as full-time employment with that municipality.
Applicable herein is LSA-R.S. 42:63(E):
 No person holding a full time appointive office or full time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full time appointive office or full time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
LSA-R.S. 42:63(E) does not bar a person from holding full time employment with a municipality while simultaneously holding a part time local appointive office.
The pertinent incompatibility provision under LSA-R.S. 42:64(A) reads:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person effected by the prohibition exercises power in conjunction with other officers:
 * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
The existing and proposed intergovernmental agreements described between the City of Shreveport and the Commission involve substantial monetary assistance to the City of Shreveport for its Riverfront development. This fact clearly evokes the above cited incompatibility provision.
Therefore, we must conclude that the position of commissioner with the Red River Waterway Commission and that the Director of Community Development for the City of Shreveport are incompatible offices under the present circumstances.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb